UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE HUNTINGTON NATIONAL BANK, Plaintiff | : : : | Case No.: 2:12 CV 937 |
| vs. | : : : | Judge Watson |
| TAYLOR BUILDING PRODUCTS, INC., Defendant | : : | |

### FINAL REPORT AND ACCOUNTING OF RECEIVER

Now comes Bill Frazier of Raintree Capital Partners, the Court Appointed Receiver for certain assets of Taylor Building Products, Inc., ("Taylor Building" or the "Company") and hereby submits this Final Report of Receiver and Accounting in accordance with the terms of the Order Appointing Receiver entered on October 15, 2012 (Doc. 8) (the "Receiver Order").

**A.      BACKGROUND INFORMATION**

1.      This case was initiated through the filing of a Complaint for the Appointment of a Receiver filed on October 11, 2012. At the request of Plaintiff, The Huntington National Bank ("HNB"), the Court appointed Bill Frazier of Raintree Capital Partners, the Receiver (the "Receiver") over certain assets and property of Taylor Building (herein "Receivership Assets") pursuant to an Order entered on October 15, 2012.

2.      On November 16, 2012, the Receiver signed a sale and purchase agreement for substantially all of the Receivership Assets to Wausau Supply Co., or its assigns ("Wausau"), subject to an Order approving said sale.

3.      Upon the Motion of the Receiver and hearing on the matter, on November 30, 2012, this Court entered an *Order Authorizing (1) The Sale of Assets Free and Clear of Liens, Claims, Interests and Encumbrances; (2) Approving Bidding Procedure and Auction; (3)*

1

*Approving Breakup Fee and Overbid Protection; (4) Approving Form and Manner of Notice; and (5) Scheduling A Sale Approval Hearing* (Doc. 15) (herein "First Sale Order").

4.  Pursuant to the First Sale Order, the Receiver advertised the sale and otherwise gave notice of the auction of the Receivership Assets, and the procedures governing the sale of same, to all interested parties. No party submitted a "qualifying bid" as defined in the First Sale Order, and the auction was cancelled.

5.  The Receiver filed his *Report of Receiver Regarding Auction Scheduled for December 18, 2012 And Related To Hearing Scheduled for December 20, 2012* (Doc. 22) on December 18, 2012, stating that no qualifying bids had been received, and requesting the Court authorize the sale of the Receivership Assets to Wausau.

6.  Thereafter, on December 20, 2012, a hearing was conducted and the Court entered its *Order Pursuant To 28 U.S.C. 754 and 2001 (1) Approving Asset Purchase Agreement; and (2) Authorizing The Sale of Assets Free and Clear of Lien, Claims, Interests and Encumbrances, To Wausau Supply Co., Or Its Assigns* (Doc. 26) ("Second Sale Order").

**B.  SALE OF RECEIVERSHIP ASSETS**

7.  Pursuant to the Second Sale Order, the Receiver and Wausau proceeded to close the sale of the Receivership Assets on December 21, 2012, with all disbursements being made on or about January 23, 2013, upon expiration of the appeal period.

8.  After payment of closing costs, and $46,822.91 of real estate taxes, the net proceeds of the sale were $2,655,427.09, plus payment for inventory on hand in the amount of $1,230,767.54.

9.  The Receiver authorized the title company to wire $2,580,427.00 to HNB on January 21, 2013, and $75,000.00 was disbursed to the Receiver. The inventory funds in the

amount of $1,230,767.54 were distributed directly from Wausau to HNB on December 28, 2012, at the Receiver's direction.

C.   **TREATMENT OF UNION HEALTH CARE CLAIMS**

10.   On December 19, 2012, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and UAW Local 1637 ("Union") filed its *Motion For Payment For Services and Benefits Under Medical Insurance Plans* (Doc. 23) ("Union Motion").

11.   Therein, the Union set forth that Taylor's health care insurance plan was cancelled effective September 21, 2012, without prior notice to Taylor employees (members of the Union) resulting in no health care insurance coverage for any health care claims made after that period.

12.   The Union moved the Court for an Order directing that all unpaid health care claims of the Taylor employees from September 21, 2012 through October 15, 2012 (the date of the Receiver Order) be given priority for payment from the Receivership Assets.

13.   At the December 20, 2012 hearing, the Receiver stated that there would be sufficient funds from the remaining accounts receivable to pay the Union health care claims for the period referenced in the Union Motion, as estimated by the Union. HNB expressed no objection to the payment of the Union health care claims.

14.   On May 13, 2013, the Receiver filed his *Motion For Authority To Pay Certain Union Employees Health Care Claims* (Doc. 32).

15.   Thereafter on October 16, 2013, the Court entered an *Agreed Order Resolving Motion of The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and Its Local 1637 For Payment for Services and Benefits Under Medical*

*Insurance Plans and Motion of Receiver For Authority To Pay Certain Union Employee Health Care Claims* (Doc. 52). The Agreed Order incorporated an agreement between the Receiver, the Union, and Blue Cross/Blue Shield of Michigan ("BCBSM") whereby the Receiver agreed to pay $35,322.00 to BCBSM toward unfunded health care claims, and agreed to pay up to an additional $18,000.00 to cover any late-filed claims.

16. The Receiver has paid the $35,322.00 to BCBSM. The agreed upon period for reimbursement of late-filed claims has passed with no further payments required of the Receiver, and thus, the matter is now closed.

**D.    THORNTON & ROSHON LAWSUIT**

17. As further detailed in the Receiver's *Memorandum Contra Intervenor Plaintiff's Motion for Relief From Stay* (Doc. 44), on February 12, 2013, Thornton & Roshon Properties, Inc. filed an action in the Fairfield County, Ohio Court of Common Pleas against Taylor Building and others. The case was later dismissed and re-filed in this Court (Case No. 2:13-CV-00309).

18. The claims set forth in the lawsuit arise out of certain insurance claims resulting from property damage to a facility at which Taylor Building previously had operations.

19. On September 4, 2013, this Court entered an Order (Doc. 50) following a status conference on this matter. Therein, it is agreed that Thornton & Roshon Properties, Inc. will be permitted to pursue its claims upon termination of the receivership.

**E.    ADDITIONAL SOURCES OF INCOME**

20. Prior to the receivership, Taylor Building enlisted the services of National Equity Development Group, Inc. ("National Equity"), with regard to administering its claims in several class-action lawsuits.

21. To date, the Receiver has received $28,851.16 from Taylor Building's claims in a class-action lawsuit against Huntsman/BASF. There will be no further distributions relative to those claims.

22. Taylor Building also has claims in a class-action lawsuit against Dow Chemical. A judgment has been entered against Dow Chemical in excess of $1 Billion. However, the judgment has been appealed. According to National Equity, it could be up to fifteen (15) months before all appeals are exhausted and any distribution is made.

23. Additionally, the Receiver discovered that the State of Michigan is holding certain unclaimed funds which are believed to be property of Taylor Building. The Receiver submitted the appropriate claims paperwork in October 2013 and awaits a response or distribution.

F. **EEOC CLAIMS**

24. During the course of the receivership, two employees who were laid off and not recalled to work by the Receiver filed claims against Taylor Building with the United States Equal Employment Opportunity Commission office in Detroit, Michigan, alleging that the Receiver's decision not to recall them to work was discriminatory.

25. The Receiver addressed the matters promptly with the EEOC office, and cooperated fully with the investigation.

26. Both claims were summarily dismissed without a significant investment of time and expense.

G. **FINANCIAL AND OPERATIONAL INFORMATION**

27. Attached hereto as Exhibit "A" is a summary accounting of the financial activity of the receivership from December 21, 2012 to date of report, showing the Receiver holds $10,379.35. Not reflected therein is the recent receipt of $6,623.16 from National Equity.

28. Attached hereto as Exhibit "B" is the financial report of the Receiver.

29. The total remaining due HNB is not less than $849,000.00.

30. During the course of the receivership, the Receiver has collected $1,377,323.88 of $1,418,424.76 in accounts receivable (Exhibit "B").

31. At the outset of the receivership, HNB was owed $1.859 Million on a line of credit to Taylor Building. This line of credit was paid off on January 2, 2013 (Exhibit "B").

32. Taylor also owed HNB $3.93 Million on a term loan at the inception of the receivership. More than $3 Million has been applied to that balance during the receivership (Exhibit "B").

**H.     STATUS OF THE ADMINISTRATION**

33. The Receiver has liquidated and distributed substantially all assets of Taylor Building.

34. The only assets remaining to be collected and distributed are the Dow Chemical settlement class-action award and the State of Michigan unclaimed funds. Because neither requires additional work on the Receiver's behalf, the Receiver does not believe it prudent to leave the receivership administration pending receipt.

35. In his termination motion, the Receiver intends to move the Court to grant him continuing authority to receive and distribute those funds unto HNB, toward its remaining balance.

36. On September 10, 2013, the Receiver filed his *Fourth Interim Application For Allowance of Compensation For The Receiver and Attorneys For The Period of May 1, 2013 Through July 18, 2013 and August 30, 2013 Respectively* (Doc. 51). The Application remains

pending before this Court. The Receiver currently holds $17,002.99 for distribution. The Receiver also expects to file a final application for fees in the coming days.

37. The Receiver expects that after payment of the remaining administrative fees, there will be no funds remaining for distribution.

## I. CONCLUSION

Upon this Court's adjudication of the remaining fee applications, the Receiver intends to file a motion with the Court requesting: (1) that the receivership be terminated, and the Receiver released of all duties, claims, and liabilities; (2) that the Receiver retain authority to receive and distribute unto HNB, any funds received from the State of Michigan or the Dow Chemical litigation, to the extent the amount received does not exceed the amount remaining due HNB.

Respectfully submitted,

/s/ Myron N. Terlecky
Myron N. Terlecky (0018628)
Aaron C. Firstenberger (0072261)
Strip, Hoppers, Leithart, McGrath & Terlecky Co., LPA
575 South Third Street
Columbus, OH 43215
Telephone (614) 228-6345
Facsimile (614) 228-6369
Attorneys for the Receiver

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the aforementioned *Final Report and Accounting of Receiver* has been served via the Court's electronic filing system and/or ordinary United States Mail, postage prepaid, on this 5th day of February, 2014 upon:

Bill Frazier
Raintree Capital Partners
17892 Clifton Park Lane
Cleveland, OH 44107
*As Receiver*

Maggie M. Abbulone, Esquire
Robert T. Castor, Esquire
Justin W. Ristau, Esquire
Bricker & Eckler
100 South Third Street
Columbus, OH 43215
*Counsel for Plaintiff, The Huntington National Bank*

Kristin S. Watson, Esquire
Cloppert, Latanick, Sauter & Washburn
225 East Broad Street
Columbus, OH 43215
*Counsel for Claimants, International Union, United Automobile, Aerospace and Agricultural Implement Workers of America and UAW Local 1637*

Brian Gianangeli, Esquire
The Law Office of Charles Mifsud, LLC
326 South High Street Annex, Suite 201
Columbus, OH 43215
*Counsel for the Ohio Bureau of Worker's Compensation*

Ignazio Cangialosi
417 Saddle Back Trail
Franklin Lakes, NJ 07417

Taylor Building Products, Inc.
c/o Tobin Mann, statutory agent
3010 Columbus-Lancaster Road
Lancaster, OH 43130

Arthur M. Neiss, Esq.
Beattie Padovano, LLC
50 Chestnut Ridge Rd., #208
P.O. Box 244
Montvale, NJ 07645

/s/ Myron N. Terlecky
Myron N. Terlecky (0018628)
Aaron C. Firstenberger (0072261)

HNB Account 01182259370
Disbursement Activiy

| Ck No. | Date Paid | Amount | Payee |
|---|---|---|---|
| | 1/2/2013 | 18,279.44 | Consumers Energy |
| 54185 | 1/3/2013 | 54,225.94 | Raintree Caital Partners |
| 54215 | 1/3/2013 | 1,643.90 | Carl Senter (employee) |
| 54088 | 1/4/2013 | 11,088.98 | 3825 Columbus Rd (Ohio rent) |
| | 1/8/2013 | 957.55 | ADP |
| | 1/15/2013 | 403.83 | HNB- Service Charges |
| | 1/28/2013 | 1,106.60 | ADP |
| | 1/28/2013 | 378.00 | ADP |
| 54186 | 1/14/2013 | 2,715.87 | Strip Hoppers |
| 54191 | 1/15/2013 | 1,050.00 | Bulldog Security |
| 54113 | 02/07/13 | 154.70 | Holland Freight |
| | 15-Feb | 155.65 | HNB- Service Charges |
| 54187 | 02/21/13 | $18,249.99 | 3825 Columbus Rd (Ohio rent) |
| 54188 | 02/26/13 | $187.50 | Conway Freight |
| 54189 | 02/25/13 | $3,679.92 | ADP |
| 54194 | 02/26/13 | $2,005.34 | Grand Rapids Scales |
| 54195 | 02/26/13 | $137.86 | Home Depot |
| 54198 | 02/28/13 | $70,154.09 | Wausau- Settlement Part I |
| 54192 | 03/15/13 | $22,959.85 | Ellsworth Adhesives |
| 54196 | 03/01/13 | $1,480.05 | State of Florida Sales Tax |
| 54197 | 03/01/13 | $10,037.82 | 3825 Columbus Rd (Ohio rent) |
| 54199 | 03/11/13 | $83.65 | Lien Search |
| 54200 | 03/06/13 | $1,000.00 | Midge Rutter- Realtor |
| | 03/15/13 | $144.85 | HNB- Service Charges |
| 54201 | 04/05/13 | $38,773.54 | Raintree Caital Partners |
| 54202 | 04/08/13 | $20,526.07 | Strip Hoppers |
| 54203 | 04/11/13 | $3,529.59 | Jaffe |
| 54204 | 05/08/13 | $112,757.14 | Wausau |
| | 05/15/13 | $11.04 | HNB Service Charges |
| | | $397,878.76 | |

Bill Frazier, Receiver for Taylor Building Products
Dollar Account 267 344 1738

| Date | Comment | Ck No | Db | Cr | Balance |
|---|---|---|---|---|---|
| 02/14/13 | Initial Deposit | | | 75000 | 75000 |
| 05/28/13 | Straits Door 3rd Instalment | | | 5000 | 80000 |
| 05/20/13 | ADP- written off | 1001 | 0 | | 80000 |
| 05/20/13 | JEM Power | 1002 x | 611.44 | | 79388.56 |
| 05/23/13 | Treasurer State of Ohio | 1003 x | 2900 | | 76488.56 |
| 05/30/02 | Cash- bank fees at HNB | 1004 x | 7.57 | | 76480.99 |
| 06/10/13 | Cincinnati Insurance | 1005 x | 566 | | 75914.99 |
| 06/17/13 | Straits Door 4th Instalment | | | 5379.15 | 81294.14 |
| 06/27/13 | PrimeSource deposit | x | | 3012 | 84306.14 |
| 07/10/13 | Wausau Supply | 1006 | 3012 | | 85270.45 |
| | | | | 964.31 | 82258.45 |
| 06/27/13 | CAN Insurance | 1007 | 15373.43 | | 66885.02 |
| 07/18/13 | Raintree Capital Partners | 1008 | 13948.67 | | 52936.35 |
| 07/18/13 | Strip, Hopper, McGrath & Telecky | 1009 | 7235 | | 45701.35 |
| 10/29/13 | Blue Cross Blue Shield of Michigan | 1010 | 35322 | | 10379.35 |


EXHIBIT A

# RECEIVER'S REPORT TO THE COURT

## TAYLOR BUILDING PRODUCTS, INC. RECEIVERSHIP ESTATE

### CASE No. 2:12CV937

### December 13, 2013

On November 28, 2102 Bill Frazier, Receiver for the assets of Taylor Building Products, Inc. in West Branch, Michigan, filed a first report on the receivership with the Hon. Judge Watson of the United States District Court Southern District Eastern Division in Columbus, Ohio, for activity in the case from the date of filing, October 15, 2012 to November 20, 2012. The second report was filed on February 25, 2013, updating progress from November 21, 2012 through January 31, 2013. This third and final report summarizes all activity related to the sale of assets on December 21, 2012, the collection of the accounts receivable outstanding on that date, and the settlement of the Receiver Estate obligations.

On December 20, 2012 the Estate had the following asset and liability balances:

| | | |
|---|---|---|
| HNB 01182259370 (Disbursements) | $ | 200.00 |
| HNB 01892783330 (Lockbox) | | 48,807.72 |
| PNC | | 5,664.54 |
| Less: Checks in transit | | (13,078.27) |
| **Net Cash** | $ | 41,593.99* |
| **Accounts Receivable:** | | $1,418,424.76 |
| **Inventory:** | | $1,230,767.54 |
| **Receivable from Wausau- Sale of Fixed Assets:** | | $2,655,427.09 |
| **Total Asset Value of Receiver Estate** | | $5,359,291.65 |
| | | |
| Line of Credit- Huntington | | $1,859,054.21 |
| Term Loan- Huntington | | $3,933,580.94 |
| Unsecured Obligations | $ | 32,738.25 |

*The Receiver's Report to the Court dated February 25, 2012 erroneously reported the total cash balance to be $52,275.19. The difference between the two figures is primarily checks in transit.



**Sources of Funds**
On December 28, 2012 Wausau remitted $1,230,767.54 in payment of its purchase of the Receiver Estate's inventory. The funds were applied directly to the line of credit balance, without being deposited into the lockbox account (3330).

The collection of accounts receivable outstanding on December 20, 2012 generated cash receipts of $1,377,323.88 between December 21, 2012 and July 8, 2013. The funds were deposited into the Operating Account.

In addition to the funds received in payment of receivables of Taylor Building Products Receiver Estate, $181,861.55 of funds in payment of receivables owing to Wausau (the Buyer of Taylor's fixed assets and inventory) were received in the lockbox. Funds totaling $182,911.23 were returned to Wausau as follows: $70,154.09 on 2/19/2013 and $112,757.14 on May 1, 2013. The $1,049.68 difference between the payments to Wausau and the Wausau funds received represent expenses incurred by Wausau on behalf of the estate.

The difference between the accounts receivable balance on December 20, 2012 of $1,418,424.76 and the cash received in payment of the invoices outstanding ($1,377,323.88) was $41,100.88, which represents invoices charged off as uncollectable ($40,428.09) and a credit given in the amount of $672.79. The invoices written off as follows:

| | |
|---|---:|
| Crossroads | $1,895.32 |
| Pro Hung Door | $37,421.34 |
| Southern Door and Trim | $675.00 |
| Straits Door | $376.91 |
| Troyer | $59.52 |
| | $40,428.09 |

The following chart provides detail as to daily cash received, non-A/R cash, cash applied to A/R, and the outstanding A/R balance at the end of each day:

| Taylor Building Products, Inc. | | Cash Receipts HNB 0189278330 | L/B | Less: Non-A/R Cash | Estate Cash Receipts | |
|---|---|---|---|---|---|---|
| Balance per A/R Aging 12/20/2012 | | | | | | 1,418,424.76 |
| | 12/21/2012 | (29,410.34) | L | | (29,410.34) | 1,389,014.42 |
| | 12/24/2012 | (87,583.05) | L | | (87,583.05) | 1,301,431.37 |
| | 12/24/2012 | (77,256.04) | L | | (77,256.04) | 1,224,175.33 |
| | 12/26/2012 | (137,696.28) | L | | (137,696.28) | 1,086,479.05 |
| | 12/27/2012 | (152,835.93) | L | | (152,835.93) | 933,643.12 |
| | 12/18/2012 | (37,957.70) | L | | (37,957.70) | 895,685.42 |
| | 12/31/2012 | (77,137.64) | L | | (77,137.64) | 818,547.78 |
| | 12/31/2012 | (2,708.50) | L | | (2,708.50) | 815,839.28 |
| | 1/2/2013 | (101,985.55) | L | | (101,985.55) | 713,853.73 |
| | 1/4/2013 | (26,611.74) | L | | (26,611.74) | 687,241.99 |
| | 1/7/2013 | (54,336.66) | L | | (54,336.66) | 632,905.33 |
| | 1/9/2013 | (15,950.92) | L | | (15,950.92) | 616,954.41 |
| | 1/10/2013 | (16,538.69) | L | | (16,538.69) | 600,415.72 |
| | 1/11/2013 | (45,855.37) | L | | (45,855.37) | 554,560.35 |
| | 1/14/2013 | (49,782.14) | L | | (49,782.14) | 504,778.21 |
| | 1/15/2013 | (79,036.79) | L | | (79,036.79) | 425,741.42 |
| | 1/16/2013 | (13,037.51) | L | | (13,037.51) | 412,703.91 |
| | 1/17/2013 | (10,567.71) | L | | (10,567.71) | 402,136.20 |
| | 1/18/2013 | (2,377.43) | L | | (2,377.43) | 399,758.77 |
| | 1/22/2013 | (23,191.01) | L | | (23,191.01) | 376,567.76 |
| | 1/24/2013 | (97,978.05) | L | 55,800.45 | (42,177.60) | 334,390.16 |
| | 1/28/2013 | (93,076.27) | L | 82,481.98 | (10,594.29) | 323,795.87 |
| | 1/30/1931 | (1,677.60) | L | | (1,677.60) | 322,118.27 |
| | 1/31/2013 | (3,000.00) | L | | (3,000.00) | 319,118.27 |
| | 2/1/2013 | (12,848.19) | L | | (12,848.19) | 306,270.08 |
| | 2/4/2013 | (18,011.70) | L | | (18,011.70) | 288,258.38 |
| | 2/7/2013 | (21,019.44) | L | | (21,019.44) | 267,238.94 |
| | 2/8/2013 | (24,804.70) | L | | (24,804.70) | 242,434.24 |
| | 2/13/2013 | (558.00) | L | | (558.00) | 241,876.24 |
| | 2/14/2013 | (2,479.14) | L | 38.38 | (2,440.76) | 239,435.48 |
| | 2/15/2013 | (68,313.30) | L | 5664.54 | (62,648.76) | 176,786.72 |
| | 2/19/2013 | (16,362.37) | L | | (16,362.37) | 160,424.35 |
| | 2/19/2013 | (7,413.05) | L | | (7,413.05) | 153,011.30 |
| | 2/21/2013 | (2,865.17) | L | | (2,865.17) | 150,146.13 |
| | 2/22/2013 | (2,270.00) | L | | (2,270.00) | 147,876.13 |
| | 2/26/2013 | (3,723.51) | L | | (3,723.51) | 144,152.62 |
| | 3/7/2013 | (7,838.17) | B | | (7,838.17) | 136,314.45 |
| | 3/14/2013 | (21,009.08) | B | | (21,009.08) | 115,305.37 |
| | 3/15/2013 | (1,151.99) | B | | (1,151.99) | 114,153.38 |
| | 3/18/2013 | (12,572.26) | L | | (12,572.26) | 101,581.12 |
| | 3/26/2013 | (1,188.39) | L | | (1,188.39) | 100,392.73 |
| | 4/1/2013 | (13,709.16) | B | | (13,709.16) | 86,683.57 |
| | 4/5/2013 | (302.38) | B | | (302.38) | 86,381.19 |
| | 4/5/2013 | (10,000.00) | | | (10,000.00) | 76,381.19 |
| | 4/19/2013 | (5,000.00) | B | | (5,000.00) | 71,381.19 |
| | 4/29/2013 | (48,705.90) | L | 41,722.65 | (6,983.25) | 64,397.94 |
| | 4/30/2013 | (5,339.60) | B | | (5,339.60) | 59,058.34 |
| | 5/10/2013 | (6,614.00) | B | | (6,614.00) | 52,444.34 |
| Total A/R Funds Received After Sale | | (1,551,688.42) | | 185,708.00 | (1,365,980.42) | |
| | | Dollar 2673441738 | | | | |
| | 5/28/2013 | (5,000.00) | B | | (5,000.00) | 47,444.34 |
| | 3-Jun | (5,379.15) | B | | (5,379.15) | 42,065.19 |
| | 27-Jun | (3,012.00) | B | 3,012.00 | 0.00 | 42,065.19 |
| | 8-Jul | (964.31) | B | | (964.31) | 41,100.88 |
| Total A/R Funds Received | | (14,355.46) | | 3,012.00 | (11,343.46) | |
| Grand Total Funds Received After Sale | | (1,566,043.88) | | 188,720.00 | (1,377,323.88) | |

**Uses of Funds**

On December 20, 2012 the Line of Credit Balance was $1,859,054.21. Application of proceeds from the sale of inventory, received on December 28, 2012 in the amount of $1,230,767.54, the balance was reduced to $628,286.67. Application of proceeds from accounts receivable collections paid the balance of the line in full on January 2, 2013.

The following funds on hand were applied to Huntington National Bank's term loan:

| | |
|---|---:|
| January 16, 2013 | $    55,000.00 |
| January 23, 2013 | 50,000.00 |
| January 23, 2013 | 2,580,427.09 |
| January 31, 2013 | 75,000.00 |
| February 19, 2013: | 172,672.69 |
| March 11, 2013: | 84,450.13 |
| April 15, 2013: | 208.84 |
| May 6, 2013 | 11,629.03 |
| Total | $3,029,387.78 |

The remaining balance outstanding on the Term Loan was $904,193.16. Subsequently Huntington received additional funds from the note guarantor which further reduced the balance.

On February 14, 2013 $75,000.00 was deposited into a restricted account (the "Healthcare Account") which was set aside to cover unreimbursed employee health care costs.

On February 19, 2013 payments to trade creditors of the Receiver Estate totaling $30,208.82 were released, sales taxes to the state of Florida were $1,480.05. In the settlement of accounts with Wausau, the portion of the disbursement which represented an expense of the estate was $1,049.38.

On February 19, 2013 payment was made to the landlord of Premium Glass, the Taylor subsidiary in Lancaster, Ohio, under a lease for which the Estate was a co-tenant, in the amount of 18,249.00, and on February 29 a second payment was made in the amount of $10,037.82, for a total of $28,287.81.

On December 23, 2012 and April 6, 2013 respectively, professional fees approved by the court in the First and Second Petition for Payment of Professional Fees totaling $119,941.81 and $62,829.20 respectively were paid.

Service charges on the Huntington Lockbox Account (01892783330) for the months of February to May were $1,151.33.

As of May 10, 2013 the Estate had received total funds of $5,166,795.90, including proceeds from the sale of inventory, proceeds from the sale of fixed assets, and collection of accounts receivable. Secured loans had been reduced by $4,888,441.99. Payments to the administrative creditors of the estate totaling $32,738.25, rents totaling $28,287.31, professional fees totaling $182,771.01, and bank fees totaling $1,151.33 had been paid. Net of the cash balance of $31,214.84, the payments brought the cash balance to $75,000. The payments exhausted the funds in the Lockbox account, so it was closed on May 28, 2013.

As stated earlier, the account which was set up for payment of employee healthcare costs was opened with a $75,000 deposit from the Taylor Lockbox Account. On May 28, 2013, $5,000 of accounts receivable proceeds were deposited into the Healthcare Account, and on June 17, 2013 there was an addition deposit of $5,379.15, bringing the account balance to $85,379.15. Checks were then written on the account totaling $78,846.11 for the following items:

| Amount | Date | Payee | Nature of Expenditure |
| --- | --- | --- | --- |
| $611.44 | 5/20 | J.E.M Power | Unpaid vendor |
| $2,900.00 | 5/23 | State of Ohio | Sales taxes |
| $7.57 | 5/28 | Huntington Bank | Fee to close transaction account |
| $566.00 | 6/10 | Cincinnati Insurance | Estate period property insurance |
| $3,012.00 | 7/10 | Wausau Supply | Reimbursement for funds received in lockbox |
| $15,343.43 | 7/10 | CNA Insurance | Estate period blanket policy |
| $13,848.67 | 7/18 | Raintree Capital Partners | Payment of Third Application for Fees |
| $7,235 | 7/18 | Strip Hoppers McGrath & Trelecky | Payment of Third Application for Fees |
| $35,322.00 | 10/29 | Blue Cross Blue Shield of Michigan | Payment of employee healthcare costs per agreed order. |

The remaining balance in the account is $10,379.83, and payment has been received in coming days in the amount of $6,622.74 from the settlement of a class-action lawsuit.

After notifying Blue Cross Blue Shield of Michigan that its time frame for reporting any additional claims had lapsed, the receiver has not received further communication and therefore assumes that no additional claims for unreimbursed health care costs were received.

1)      Accounts Receivable- From December 23, 2012 to February 28, 2013, Wausau Supply ran the accounting systems of Taylor Receiver Estate in parallel with its own accounting system. Cash received into the lockbox was posted to the accounts receivable aging in Taylor's system, and the receiver was provided a receivable aging on demand to reconcile the change in the receivable aging to the funds received in the lockbox. On February 23, 2013 Wausau took down the accounting system of Taylor Receiver Estate. At that time, the receiver prepared an excel spreadsheet with the remaining unpaid invoices, which is attached to this report. The spreadsheet details the date the invoices were paid and funds deposited into the transactions account until May 28, 2013, and into the restricted account thereafter.

2)      The Secured Loan- In addition to the payments received from Taylor Building Products Receiver Estate, Huntington National Bank also received proceeds from the auction of the equipment at Premium Glass, its subsidiary in Lancaster, Ohio, which was the subject of a receivership in State Court. Proceeds from that receivership which were applied to the Term Loan totaled $41,505.58. The principal balance of the loan is $702,554.08, and the balance including accrued interest and late fees was $849,209.11 on November 11, 2013.

| Company | | | Accounts Recievable | | | | Collection | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Invoice No. | Invoice Date | $ | $ Total | Date Deposited | Branch/Lockbox | Credit | Recovery |
| Consolidated Builders Supply | | 405-631-3033 | 99266 | 11/12/2012 | $12,572.26 | $12,572.26 | 3/18/2013 | Lockbox | | $12,572.26 |
| | | Laura | | | | | | | | |
| Crossroads Building Products | | 317-423-3544 | 98570 | 8/30/2012 | $3,729.18 | | | | | |
| | | Nancy | 98656 | 9/10/2012 | $17,148.00 | | | | | |
| | | | | 11/16/2012 | -$7,408.88 | $13,468.30 | 3/14/2013 | Branch | 1,895.32 | $11,572.98 |
| Millworks Solution | | 585-344-2065 | 99665 | 12/12/2012 | $302.38 | $302.38 | 4/5/2013 | Branch | | $302.38 |
| | | Karen | | | | | | | | |
| Prime Source | | 305-884-1640 | 99610 | 12/7/2012 | $6,983.25 | | | | | $0.00 |
| | | Marina | | 1/11/2013 | -$3,931.54 | | | | | |
| | | | | 1/11/2013 | -$39.71 | | | | | |
| | | | 99715 | 12/14/2002 | $1,278.25 | $4,290.25 | 4/29/2013 | Lockbox | (2,693.00) | $6,983.25 |
| Pro Door and Trim | | 303-761-8962 | 99247 | 11/9/2012 | $6,076.91 | $6,076.91 | 3/14/2013 | Branch | | $6,076.91 |
| Pro Hung Door Products | | 705-528-8111 | 98549 | 8/30/2012 | $14,522.83 | | | | | $0.00 |
| | | Terry | 98550 | 8/30/2012 | $172.80 | | | | | |
| | | Bill Carley | 98778 | 9/24/2012 | $86.40 | | | | | |
| | Dan O Hara | 7057910266 | 98779 | 9/24/2012 | $104.08 | | | | | |
| | dano@prohungdoors.com | | 98780 | 9/24/2012 | $8,741.03 | | | | | |
| | bill@prohungdoors.com | | 98781 | 9/24/2012 | $253.70 | | | | | |
| | | | 98782 | 9/24/2012 | $187.63 | | | | | |
| | | | 98783 | 9/24/2012 | $338.40 | | | | | |
| | | | 98784 | 9/24/2012 | $257.84 | | | | | |
| | | | 98872 | 9/28/2012 | $15,222.25 | | | | | |
| | | | 98773 | 9/28/2012 | $106.82 | | | | | |
| | | | 98774 | 9/28/2012 | $84.22 | | | | | |
| | | | 98775 | 9/28/2012 | $219.60 | | | | | |
| | | | 99083 | 10/31/2012 | $6,320.00 | | | | | |
| | | | 99084 | 10/31/2012 | $366.00 | | | | | |
| | | | 99085 | 10/31/2012 | $215.51 | | | | | |
| | | | 99086 | 10/31/2012 | $222.23 | $47,421.34 | 4/5/2013 | Lockbox | 37,421.34 | $10,000.00 |
| Royal Windows Mfg Corp | | 631-435-8888 | 99587 | 12/6/2012 | $7,751.16 | $7,751.16 | 3/30/2013 | Branch | | 7,751.16 |
| | | Helen | | | | | | | | |
| Southern Door and Trim | | 919-562-2988 | 99720 | 12/14/2012 | $7,289.00 | | 5/10/2013 | Branch | 675.00 | $6,614.00 |
| | | Jeanette/Burl | 99721 | 12/14/2012 | $5,958.00 | $13,247.00 | 3/30/2013 | Branch | | $5,958.00 |
| Straits Door | | 412-784-9400 | 98275 | 8/6/2012 | $620.08 | | 3/15/2013 | Branch | 376.91 | $1,151.99 |
| | | Mark Lasher | | 9/7/2012 | -$243.17 | | 4/19/2013 | Branch | | $5,000.00 |
| | | 215 531 7493 | 98620 | 9/6/2012 | $83.29 | | 4/30/2013 | Branch | | $5,000.00 |
| | | | 98629 | 9/6/2012 | $35.20 | | 5/26/2013 | Branch | | $5,000.00 |
| | | | 98726 | 9/19/2012 | $675.32 | | 6/14/2013 | Branch | | $5,379.15 |
| | | | 98825 | 9/26/2012 | $172.48 | | | | | |
| | | | 99203 | 11/8/2012 | $20,379.15 | | | | | |
| | | | 99292 | 11/14/2012 | $132.93 | | | | | |
| | | | 99467 | 11/26/2012 | $52.77 | $21,908.05 | | | | |
| Top Quality Building Products | | 812-537-4090 | 99568 | 12/5/2012 | $2,173.63 | | | | | |
| | | Roxanne | 99731 | 12/14/2012 | $420.12 | | | | | |
| | | | 99732 | 12/14/2012 | $341.21 | | | | | |
| | | | 99733 | 12/14/2012 | $424.23 | $3,359.19 | 3/14/2013 | Branch | | $3,359.19 |
| Troyer Door | | 330-852-0205 | 99642 | 12/10/2012 | $278.08 | $278.08 | 4/30/2013 | Branch | -61.52 | 339.60 |
| | | | | | | $130,674.92 | | | $37,614.05 | $93,060.87 |